UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

CLEOPHAS JAMAR GIBBS, JR.,

Case No. 4:14-CR-20350-TGB

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                                  s/Terrence G. Berg
                                                  UNITED STATES DISTRICT JUDGE

Dated:  August 19, 2020

ADDENDUM

CONTINUED FROM PAGE 3

As an initial matter, the Court finds that Mr. Gibbs has exhausted his administrative remedies. *See* ECF No. 46, PageID.276-77; *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

But the Court concludes that extraordinary and compelling reasons do not support release in this case. Mr. Gibbs does not suffer from any medical conditions that create a higher risk for contracting a serious case of COVID. He is recovered from his pneumonia; whether or not it was from COVID is unclear, but it is no longer a condition from which he currently suffers. Though he is a life-long smoker of marijuana, the CDC has not addressed marijuana smoking, and has only concluded that tobacco smoking "may" increase one's risk of serious illness. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention,https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 17, 2020). Thus, considering his medical conditions, Mr. Gibbs does not meet the extraordinary and compelling standard. *See United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (stating that "a generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission"). While Mr. Gibbs is incarcerated at FCI Elkton, a facility that has grappled with rampant COVID-19 infections, *see Wilson v. Williams*, 961 F.3d 829, 845-46 (6th Cir. 2020), he does not have the underlying health issues that would put him at an increased risk of serious illness. *See United States v. Bridges*, No. 14-200007, at *4 (E.D. Mich. May 20, 2020) (Cox, J.) (denying compassionate release for defendant incarcerated at FCI Elkton with no underling medical conditions). Further, as of August 19, 2020, FCI Elkton currently has only two active cases among prisoners and two among staff, with 982 prisoners having recovered after testing positive and (seemingly) almost all 2,150 prisoners having been tested. *See* https://www.bop.gov/coronavirus (updated daily).

The Court also has concerns that Mr. Gibbs' release at this time would pose a danger to the community. Mr. Gibbs' underlying offense is a violent crime involving a firearm that was used in a robbery, and he also has a criminal history involving firearms. *See United States v. Knight*, No. 15-20283, 2020 WL 3055987, at *3 (E.D. Mich. June 9, 2020) (denying compassionate release, in part, because the defendant's convictions for drug trafficking and possession of an AK-47 as a convicted felon showed that he posed a danger to the community).

Considering the 18 U.S.C. § 3553 factors, the key fact weighing in Mr. Gibbs' favor is that he does not have very much time left on his sentence. The Court recognizes that with a May 2021 release date, Mr. Gibbs will be released soon in any event. But basing compassionate release on this factor alone would not be appropriate. For every prisoner, the purposes of sentencing are likely to have been nearly accomplished when the sentence is almost completed—but that in and of itself does not support compassionate release when the other bases are lacking, as they are here.

Having considered all of the above factors, release is not appropriate.